**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 99-4455

BENTLEY O. KALU,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-98-311-DKC)

Submitted: April 20, 2000

Decided: May 16, 2000

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Beth M. Farber, Chief Assis-
tant Federal Public Defender, Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Steven M. Dettelbach,
Assistant United States Attorney, Rod J. Rosenstein, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bentley O. Kalu appeals his conviction for one count of knowingly and intentionally forcibly assaulting a federal officer in violation of 18 U.S.C.A. § 111(b) (West Supp. 1999). Prior to his trial on this charge, Kalu pled guilty to two counts of bank fraud in violation of 18 U.S.C. § 1344 (West Supp. 1999), and two counts of possession of stolen mail in violation of 18 U.S.C. § 1708 (West Supp. 1999). Kalu claims that the district court erred by declining to instruct the jury that if it found that Kalu acted reasonably in the face of excessive force by a federal officer, it should acquit him. Finding no reversible error, we affirm.

A district court's decision regarding jury instructions is reviewed for abuse of discretion. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992). "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." Mathews v. United States, 485 U.S. 58, 63 (1988) (permitting a defendant to pursue inconsistent defenses). In addition to being supported by the evidence, the proposed instruction must state the applicable law. See United States v. Stotts, 113 F.3d 493, 496 (4th Cir. 1997). A district court's refusal to provide a requested instruction is reversible error only if the instruction: "`(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.'" United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995) (quoting United States v. Camejo, 929 F.2d 610, 614 (11th Cir. 1991)).

We find that the court's failure to grant Kalu's requested instruction did not impair his ability to conduct his defense. "Our Fourth

2

Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396 (1989). Excessive force is more force than necessary to effectuate the arrest or stop. The factors to consider are: (1) the severity of the crime; (2) whether the suspect poses a danger to the police or others; and (3) whether the suspect is actively resisting being stopped by the police. See id. We have reviewed the evidence in this case and conclude that the officer did not use excessive force in struggling with Kalu and drawing his gun on Kalu. Kalu was fleeing and Kalu's actions when he reached his vehicle caused the officer to fear for his safety. Furthermore, even assuming the officer used excessive force, Kalu's response of driving his vehicle in reverse and hitting a second officer, was not reasonable.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED